

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-07-012-CR

TODD W. MEADERS                                                    APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

------------

FROM COUNTY CRIMINAL COURT NO. 6 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

The trial court convicted Appellant Todd W. Meaders of driving while intoxicated and assessed the agreed-upon sentence of 120 days' incarceration, probated for two years. Appellant brings two points on appeal, challenging the legal and factual sufficiency of the evidence. Because we hold that the evidence is both legally and factually sufficient, we affirm the trial court's

------------

[1] *See* Tex. R. App. P. 47.4.

judgment.

Prentis Chandler Goss testified that on the night of July 20, 2004, as she approached a bank parking lot to get some money from an ATM, she saw in front of her a big tractor/trailer truck, an eighteen-wheeler, without the trailer. As the truck pulled into the bank parking lot, it ran over a flower bed, and the top of the truck clipped the overhang on the bank. Ms. Goss testified that the driver had difficulty exiting the cab when he went to the ATM machine.

After Ms. Goss observed the truck run over the flower bed and clip the overhang on the bank, she called 911, and Officer Amy Stingley responded. Officer Stingley identified Appellant as the driver of the truck. When she first saw Appellant, he was climbing up into his truck. She talked to him while he was getting into the truck, and at trial described his speech as "real soft and a little slurred." After Officer Stingley made contact with Appellant and obtained his information and driver's license, Ms. Goss yelled at her from her own car, and Officer Stingley went to talk to Ms. Goss after telling Appellant, "I'll be back with you."

Meanwhile, Appellant drove his truck through the ATM lane and turned around and parked at the direction of another officer, Sergeant Babcock. When Appellant got out of the truck, Officer Stingley noticed that his pants were unzipped and that his penis was exposed. Officer Stingley described

2

Appellant's eyes as bloodshot with constricted pupils. She did not smell any alcohol on him. Appellant was unable to perform the field sobriety tests successfully. Officer Stingley testified that she believed that he had lost the use of his physical and mental faculties.

Officer Lee, who also responded to the 911 call, performed the horizontal gaze nystagmus test on Appellant. He testified that he observed a lack of smooth pursuit in both eyes and detected five of six possible clues of intoxication. He also claimed that he smelled a strong odor of an alcoholic beverage on Appellant's breath. He claimed that Appellant's eyes were bloodshot and watery and that Appellant appeared to be very sleepy and had difficulty keeping his eyes open as they stood and talked. Officer Lee testified that, in his opinion, Appellant had lost the normal use of his mental and physical faculties.

Officer Babcock testified that he had spoken with Appellant at the scene and that he had observed the field sobriety tests. In his opinion, Appellant had failed them. Officer Babcock concluded that Appellant was intoxicated to the point that, if he were allowed to leave, he would be a "significant danger to himself and/or the general public." He testified that Appellant said, "Man, I'm not that drunk," and, "I mean I'm not drunk."

Appellant denied drinking any alcohol, but he did admit that he was taking

3

Xanax. Officer Stingley conducted an inventory search of the truck and located eight unopened cold cans of beer.

Appellant concedes that he refused to submit a blood sample for testing, and he was not offered a breath test. The trial court admitted videotapes of the stop and Appellant's book-in at the jail.

Applying the appropriate standards of review,[2] we hold that the evidence is both legally and factually sufficient to support Appellant's conviction. We overrule his two points and affirm the trial court's judgment.

PER CURIAM

PANEL: DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: December 11, 2008

---

[2] *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Hampton v. State*, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005) (both providing legal sufficiency standard of review); *Watson v. State*, 204 S.W.3d 404, 414–15, 417 (Tex. Crim. App. 2006); *Drichas v. State*, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005); *Sims v. State*, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003); *Johnson v. State*, 23 S.W.3d 1, 8–9, 11–12 (Tex. Crim. App. 2000); *Cain v. State*, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997) (all providing factual sufficiency standard of review).

4